DeCarlo Kerry Donaldson
C/o 2474 NW 64th Street
Miami, Florida
Phone: (305) 632-2374
Email:Iamdecarlo1@gmail.com

_June 1_, 2025

Clerk of Court
United States District Court

FILED BY _____ D.C.

JUN 02 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

70---5 v
Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128

## RE: **Emergency Filing – Verified Civil Rights Complaint and Motions for Immediate Relief**

Case Title: *DeCarlo Kerry Donaldson v. Defendant Directory – Full Courtroom List

1. FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

2. ANN COFFIN, Individual and Official Capacity as Director, FL DOR – Child Support
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

3. JIM ZINGALE, Individual and Official Capacity as former Executive Director, FL DOR
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

4. ERIK FRESEN, Individual and Official Capacity as former Secretary, FL DOR
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

5. [CURRENT SECRETARY OF DOR], Individual and Official Capacity – To Be Named (2023–Present)
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

6. PAMELA L. REILLY, Individual and Official Capacity as Revenue Program

Administrator
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

7. NANDEE SEUNARINE, Individual and Official Capacity as Deputy Agency Clerk
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

8. FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

9. TERRANCE G. RHODES, Individual and Official Capacity as Executive Director, FLHSMV
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

10. RON DESANTIS, Official Capacity as Governor of Florida
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

11. ASHLEY MOODY, Official Capacity as Attorney General of Florida
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

12. BROWARD COUNTY CHILD SUPPORT ENFORCEMENT OFFICE, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

13. MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry

Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

14. JUAN FERNANDEZ-BARQUIN, Individual and Official Capacity as Clerk of Courts
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

15. MIAMI-DADE STATE ATTORNEY'S OFFICE, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

16. KATHERINE FERNANDEZ RUNDLE, Individual and Official Capacity as State Attorney

2

You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

17. DARIA G. WALLACE, Individual and Official Capacity as General Magistrate
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

18. MIAMI-DADE COUNTY SHERIFF'S OFFICE, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

19. MIAMI-DADE DMV OFFICERS, PAYROLL CLERKS, FAMILY DIVISION COURT OFFICIALS, John Doe 11–20
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

20. U.S. DEPARTMENT OF STATE – PASSPORT SERVICES, Official Capacity

You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

21. ANTONY J. BLINKEN, Individual and Official Capacity as U.S. Secretary of State
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

22. DIRECTOR OF PASSPORT SERVICES, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

23. U.S. DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

24. CHARLES P. RETTIG, Individual and Official Capacity as former IRS Commissioner
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

25. JANET YELLEN, Official Capacity as U.S. Secretary of the Treasury
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an Answer to the complaint, which is served on you with this summons...

26. BUREAU OF FISCAL SERVICE, U.S. Treasury, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an

Answer to the complaint, which is served on you with this summons...

27. IRS WAGE GARNISHMENT DIVISION MANAGER, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
28. U.S. SOCIAL SECURITY ADMINISTRATION, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
29. MARTIN O'MALLEY, Official Capacity as SSA Commissioner
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
30. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES – OCSE, Official Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
31. XAVIER BECERRA, Official Capacity as Secretary of HHS
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
32. MIGUEL CARDONA, Official Capacity as Secretary of Education
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
33. SUPPORTKIDS, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

34. ROBERT S. FEITO, Individual and Corporate Capacity as CEO, Support Kids
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
35. MAXIMUS, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
36. BRUCE CASWELL, Individual and Corporate Capacity as CEO, Maximus
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
37. CONDUENT, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an

Answer to the complaint, which is served on you with this summons...
38. CLIFF SKELTON, Individual and Corporate Capacity as CEO, Conduent
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
39. MUNICIPAL SERVICES BUREAU (MSB) / GILA, LLC, Corporate Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
40. PIONEER CREDIT RECOVERY, INC., Corporate Capacity
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

41. LEXISNEXIS RISK SOLUTIONS, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
42. MIKE WALSH, Individual and Corporate Capacity as CEO, LexisNexis
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
43. EXPERIAN INFORMATION SOLUTIONS, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
44. BRIAN CASSIN, Individual and Corporate Capacity as CEO, Experian
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
45. EQUIFAX INFORMATION SERVICES, LLC
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
46. MARK BEGOR, Individual and Corporate Capacity as CEO, Equifax
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
47. TRANSUNION LLC
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

48. CHRIS CARTWRIGHT, Individual and Corporate Capacity as CEO, Transunion
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an

5

Answer to the complaint, which is served on you with this summons...
49. SYSTEMS &amp; METHODS, INC. (SMI)
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
50. CIVITEK SOLUTIONS, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
51. TYLER TECHNOLOGIES, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
52. VITALCHEK NETWORK, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
53. PAYKIDZ
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
54. POLICY STUDIES INC. (PSI)
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

55. YOUNGWILLIAMS, P.C.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
56. CGI GROUP, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
57. DELOITTE CONSULTING LLP
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
58. FAST ENTERPRISES, LLC
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
59. STELLARWARE, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

60. AMAZON WEB SERVICES, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
61. COURTLAND CONSULTING, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

62. KPMG LLP
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
63. GREENCOURT INNOVATION, INC.
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
64. CSG GOVERNMENT SOLUTIONS
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
65. EMPLOYER XYZ, INC., Garnishment Agent
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...
66. JOHN DOE 1–10, Unknown Officers, Vendors, and Data Handlers
You are hereby summoned and required to serve on Plaintiff DeCarlo Kerry
Donaldson, whose address is C/o 2474 NW 64 Street, Miami, Florida 33147, an
Answer to the complaint, which is served on you with this summons...

Miami-Dade Title IV-D Division;
JOHN DOE 1–10, including unknown state agents, federal officers, hearing officers,
Vendor supervisors, data handlers, system engineers, and garnishment program
Managers responsible for acts or omissions related to the enforcement,
maintenance,
And execution of the void administrative child support order against Plaintiff.

Broward Title IV-D Division;
JOHN DOE 1–10, including unknown state agents, federal officers, hearing officers,
Vendor supervisors, data handlers, system engineers, and garnishment program
Managers responsible for acts or omissions related to the enforcement,
maintenance,
And execution of the void administrative child support order against Plaintiff.

Defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

-----------------------------------------------------------

DECARLO KERRY DONALDSON,
Plaintiff,

v.                                                    Civil Action No. _____

FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, in its official
Capacity;
ANN COFFIN, in her individual and official capacity as Director of the Florida
Department of Revenue – Child Support Program;
JIM ZINGALE, in his individual and official capacity as former Executive Director of the
Florida Department of Revenue;
ERIK FRESEN, in his individual and official capacity as former Secretary of the Florida
Department of Revenue;
PAMELA L. REILLY, in her individual and official capacity as Revenue Program
Administrator, Child Support Program;
NANDEE SEUNARINE, in her individual and official capacity as Deputy Agency Clerk;
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, in its
Official capacity;
TERRANCE G. RHODES, in his individual and official capacity as Executive Director of
FLHSMV;
RON DESANTIS, in his official capacity as Governor of the State of Florida;
ASHLEY MOODY, in her official capacity as Attorney General of the State of Florida;
MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, in its official capacity;
JUAN FERNANDEZ-BARQUIN, in his individual and official capacity as Miami-Dade
Clerk of Courts;
MIAMI-DADE STATE ATTORNEY'S OFFICE – CHILD SUPPORT ENFORCEMENT
BUREAU, in its official capacity;
KATHERINE FERNANDEZ RUNDLE, in her individual and official capacity as Miami-
Dade State Attorney; Etc. (all)

# Verified Civil Rights Complaint

Filed by: DeCarlo Kerry Donaldson (Pro Se)

Jurisdiction: United States District Court – Southern District of Florida

Defendants: Florida DOR, FLHSMV, credit bureaus, federal and state officers, Maximus,
Conduent, others

## I. Jurisdiction and Venue

- Federal jurisdiction under:
  - 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), 2201
    (declaratory relief)
  - 42 U.S.C. § 1983 (constitutional violations)

16

- 42 U.S.C. § 12132 (ADA Title II)
- 15 U.S.C. § 1681 (FCRA)
- 18 U.S.C. § 1962 (RICO)
- Venue proper in Southern District of Florida (events and defendants located there)

## II. Parties

- Plaintiff: DeCarlo Kerry Donaldson, a Florida resident, disabled, father.

- FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, in its official capacity;
- ANN COFFIN, in her individual and official capacity as Director of the Florida Department of Revenue – Child Support Program;
- JIM ZINGALE, in his individual and official capacity as former Executive Director of the Florida Department of Revenue;
- ERIK FRESEN, in his individual and official capacity as former Secretary of the Florida Department of Revenue;
- PAMELA L. REILLY, in her individual and official capacity as Revenue Program Administrator, Child Support Program;
- NANDEE SEUNARINE, in her individual and official capacity as Deputy Agency Clerk;
- FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, in its Official capacity;
- TERRANCE G. RHODES, in his individual and official capacity as Executive Director of FLHSMV;
- RON DESANTIS, in his official capacity as Governor of the State of Florida;
- ASHLEY MOODY, in her official capacity as Attorney General of the State of Florida;
- MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, in its official capacity;
- JUAN FERNANDEZ-BARQUIN, in his individual and official capacity as Miami-Dade Clerk of Courts;
- MIAMI-DADE STATE ATTORNEY'S OFFICE – CHILD SUPPORT ENFORCEMENT BUREAU, in its official capacity;
- KATHERINE FERNANDEZ RUNDLE, in her individual and official capacity as Miami-Dade State Attorney;
- UNITED STATES DEPARTMENT OF STATE – PASSPORT SERVICES, in its official capacity;
- ANTONY J. BLINKEN, in his individual and official capacity as United States Secretary of State;
- UNITED STATES DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, in its official capacity;
- CHARLES P. RETTIG, in his individual and official capacity as former IRS Commissioner;

17

- JANET YELLEN, in her official capacity as United States Secretary of the Treasury;
- BUREAU OF FISCAL SERVICE, United States Department of the Treasury, in its official capacity;
- UNITED STATES SOCIAL SECURITY ADMINISTRATION, in its official capacity;
- MARTIN O'MALLEY, in his official capacity as Commissioner of the Social Security Administration;
- UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES – OFFICE OF CHILD SUPPORT ENFORCEMENT, in its official capacity;
- XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services;
- SUPPORTKIDS, INC.;
- ROBERT S. FEITO, in his individual and corporate capacity as CEO of Support Kids, Inc.;
- MAXIMUS, INC.;
- BRUCE CASWELL, in his individual and corporate capacity as CEO of Maximus, Inc.;
- CONDUENT, INC.;
- CLIFF SKELTON, in his individual and corporate capacity as CEO of Conduent, Inc.;
- SYSTEMS &amp; METHODS, INC. (SMI);
- LEXISNEXIS RISK SOLUTIONS, INC.;
- MIKE WALSH, in his individual and corporate capacity as CEO of LexisNexis Risk Solutions, Inc.;
- EXPERIAN INFORMATION SOLUTIONS, INC.;
- BRIAN CASSIN, in his individual and corporate capacity as CEO of Experian;
- EQUIFAX INFORMATION SERVICES, LLC;
- MARK BEGOR, in his individual and corporate capacity as CEO of Equifax;
- TRANSUNION LLC;
- CHRIS CARTWRIGHT, in his individual and corporate capacity as CEO of Transunion;
- CIVITEK SOLUTIONS, INC.;
- TYLER TECHNOLOGIES, INC.;
- VITALCHEK NETWORK, INC.;
- PAYKIDZ;
- POLICY STUDIES INC. (PSI);
- YOUNGWILLIAMS, P.C.;
- CGI GROUP, INC.;
- DELOITTE CONSULTING LLP;
- FAST ENTERPRISES, LLC;
- STELLARWARE, INC.;
- AMAZON WEB SERVICES, INC.;
- COURTLAND CONSULTING, INC.;
- KPMG LLP;
- GREENCOURT INNOVATION, INC.;
- CSG GOVERNMENT SOLUTIONS;

- MIGUEL CARDONA, in his official capacity as United States Secretary of Education;
- DIRECTOR OF PASSPORT SERVICES, U.S. Department of State, in his or her official
- Capacity;
- IRS WAGE GARNISHMENT DIVISION MANAGER, in his or her official capacity;
- EMPLOYER XYZ, INC., in its capacity as a garnishment agent;
- DARIA G. WALLACE, in her individual and official capacity as General Magistrate, Miami-Dade Title IV-D Division;
- JOHN DOE 1–10, including unknown state agents, federal officers, hearing officers, vendor supervisors, data handlers, system engineers, and garnishment program managers responsible for acts or omissions related to the enforcement, maintenance, and execution of the void administrative child support order against Plaintiff.

## III. FACTUAL BACKGROUND

- On or about July 1, 2006, the Florida Department of Revenue – Child Support Program (DOR) issued an Administrative Support Order against Plaintiff DeCarlo Kerry Donaldson was unlawfully assigned and the child support obligation retroactively effective July 1, 2004—eight days before the child's birth on July 9, 2004. No legal duty of support can exist before a child is born, making the order jurisdictionally invalid and void ab initio, in violation of due process and equal protection."
- No valid notice, service of process, opportunity to be heard, or court adjudication occurred. No judge or tribunal entered a lawful ruling. The order is void ab initio.
- The order was executed and enforced by DOR, FLHSMV, and the Miami-Dade Clerk of Courts using data infrastructure provided by private contractors including Maximus, Inc., Conduent, Inc., Systems & Methods, Inc., and Support Kids, Inc..
- Beginning in 2007, Plaintiff's wages were garnished, his driver's license was suspended, and his credit profile was damaged based on this void administrative order.
- Despite Plaintiff submitting multiple forms of documentation—including wage statements, hardship letters, SSA disability records, and ADA accommodation requests—no agency or contractor halted enforcement.
- Between 2008 and 2023, the Internal Revenue Service, under authority of the U.S. Treasury, seized Plaintiff's tax refunds, despite the absence of a valid judgment.
- In 2019, the U.S. Department of State denied Plaintiff a passport, citing over $2,500 in child support arrears—a sum fabricated based on an illegal enforcement record.
- Experian, Equifax, Transunion, and LexisNexis Risk Solutions reported these false debts across credit reports, harming Plaintiff's credit, employment prospects, and housing access for over 15 years.

- Plaintiff suffers from recognized physical and psychological disabilities, documented by the Social Security Administration, and submitted to DOR in ADA filings from 2018 through 2023.
- Despite these filings, no accommodations were granted under Title II of the ADA, and state and federal contractors continued with inflexible, automated, and punitive actions.
- Plaintiff submitted formal disputes, declarations, and legal objections through every known channel—administrative, judicial, and political—without lawful relief or acknowledgment.
- Contractors including Tyler Technologies, Civitek Solutions, VitalChek, PayKidz, and GreenCourt operated systems used to display, propagate, and reaffirm illegal judgments, garnishments, and license blocks.
- Federal agencies including the U.S. Department of Health and Human Services – Office of Child Support Enforcement failed to monitor or enforce compliance with federal disability and due process laws among state partners.
- Plaintiff's creditworthiness, mobility, financial access, liberty, and mental health have suffered continuous and compounding injury across 18 years of unconstitutional enforcement.

# IV. CAUSES OF ACTION

## COUNT I – VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

(42 U.S.C. § 1983 – Against All State and Local Government Defendants in Individual and Official Capacities)

o   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
o   Under the Fourteenth Amendment to the United States Constitution, no State shall deprive any person of life, liberty, or property without due process of law.
o   Defendants Florida Department of Revenue, Florida Department of Highway Safety and Motor Vehicles, Miami-Dade Clerk of Courts, and Miami-Dade State Attorney's Office, and their respective directors and officers—including ANN COFFIN, TERRANCE RHODES, JUAN FERNANDEZ-BARQUIN, and KATHERINE FERNANDEZ RUNDLE—acted under color of state law in executing, maintaining, and enforcing a void administrative order.
o   The administrative child support order issued on July 1, 2006, was entered without notice, legal service, hearing, adjudication, or judicial review, and was issued before the child's birth.
o   Plaintiff never received a summons or legal process. The administrative tribunal lacked subject matter and personal jurisdiction.
o   Despite its invalidity, Defendants enforced this void order using driver's license suspensions, wage garnishments, credit reporting, tax intercepts, and passport denial—all without lawful court action or remedy.

20

o   Plaintiff's licenses were repeatedly suspended and reinstated without hearing, impeding his liberty and ability to work.

o   Defendants also failed to provide Plaintiff any opportunity to be heard post-deprivation, violating clearly established procedural safeguards.

o   The cumulative effect of these actions constitutes a gross deprivation of fundamental rights under the Fourteenth Amendment.

o   As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including lost wages, employment barriers, denied benefits, stress, and constitutional injury.

o   Plaintiff is entitled to compensatory and punitive damages, injunctive relief, declaratory relief, and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE II

(42 U.S.C. § 12132 – Against All State and Local Government Defendants in Official Capacity)

o   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

o   Plaintiff is a qualified individual with disabilities as defined by the ADA, with documented medical impairments, as acknowledged by the Social Security Administration and in ADA filings with DOR and court agencies.

o   Title II of the ADA prohibits public entities from excluding or denying services, programs, or benefits based on disability.

o   Defendants denied or ignored these requests, failed to initiate an interactive process, and continued enforcement regardless of medical limitations.

o   Defendants failed to modify their enforcement processes to accommodate Plaintiff's physical and psychological disabilities, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130.

o   Plaintiff was excluded from participation in the judicial process, unable to appear physically, and was denied equal access to relief afforded to nondisabled persons.

o   These denials were intentional and systemic, representing discriminatory enforcement and failure to act under federal disability rights law.

o   Plaintiff is entitled to compensatory damages, injunctive relief, and attorneys' fees under the ADA.

o   **Defendants imposed a child support obligation retroactive to a date prior to the child's birth, specifically July 1, 2004, while the child was born on July 9, 2004. This act constituted a void exercise of authority, enforced without lawful jurisdiction or legal basis, and thus deprived Plaintiff of property under color of law without due process.**

## COUNT III – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA

(15 U.S.C. § 1681 et seq. – Against LexisNexis, Experian, Equifax, Transunion, and Their Executives)

21

- Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
- The Fair Credit Reporting Act (FCRA) governs the accuracy and integrity of consumer information maintained and distributed by credit reporting agencies.
- Defendants LexisNexis Risk Solutions, Experian Information Solutions, Equifax Information Services, and Transunion LLC, along with their respective corporate officers—Mike Walsh, Brian Cassin, Mark Begor, and Chris Cartwright—have for over a decade furnished and maintained false credit records for Plaintiff indicating delinquent child support obligations arising from a void administrative order.
- Plaintiff disputed these records multiple times, submitted documentation including garnishment proofs, and DOR acknowledgments—but Defendants failed to investigate or correct the misinformation.
- These agencies reported balances unsupported by lawful adjudication, court order, or verified debt—causing Plaintiff repeated denials of employment, housing, credit, and public trust.
- The failure to conduct a reasonable investigation following notice of dispute, and the continued reporting of known false information, constitutes a willful violation of 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681s-2(b).
- Plaintiff seeks statutory and punitive damages as permitted by 15 U.S.C. §§ 1681n and 1681o, and injunctive relief to purge the false reporting from all databases.

## COUNT IV – VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

(18 U.S.C. § 1962(c) – Against All Defendants Acting as a RICO Enterprise)

Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

This claim arises under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., specifically § 1962(c), which prohibits any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, from conducting or participating in the conduct of such enterprise's affairs through a pattern of racketeering activity.

---

## I. LEGAL STANDARD FOR RICO (18 U.S.C. § 1962(c))

To establish a civil RICO violation, a plaintiff must prove the following elements:

- A person (individual or corporate entity);
- Who engaged in a pattern;
- Of racketeering activity;
- Connected to an enterprise;
- That affects interstate commerce.

22

## II. DEFENDANTS AS "PERSONS" UNDER RICO

The named Defendants in this action include over sixty (60) persons, both public and private, who qualify as "persons" under 18 U.S.C. § 1961(3). These include:

- Government Officials and Agencies: Florida Department of Revenue (DOR), IRS, FLHSMV, U.S. Department of State, SSA, Miami-Dade Clerk of Courts, State Attorney's Office, and their named officers (e.g., Ann Coffin, Jim Zingale, Terrance Rhodes, Katherine Fernandez Rundle, etc.);
- Private Corporations and Vendors: LexisNexis Risk Solutions, Maximus, Inc., Conduent, Inc., Support Kids, Inc., Transunion, Experian, Equifax, Civitek, PayKidz, Tyler Technologies, and others;
- Corporate Executives: Mike Walsh (LexisNexis), Brian Cassin (Experian), Mark Begor (Equifax), Chris Cartwright (Transunion), Bruce Caswell (Maximus), Cliff Skelton (Conduent), Robert Feito (Support Kids), among others.

Each of these individuals and entities qualifies as a RICO "person" within the meaning of the statute.

## III. THE ENTERPRISE

Plaintiff alleges that the above-named persons operated as part of an association-in-fact enterprise. This RICO enterprise consists of a collaborative network of public agencies and private contractors, including but not limited to:

- Florida DOR, FLHSMV, IRS, U.S. Department of State, and SSA;
- Private data and garnishment vendors (e.g., Maximus, Conduent, LexisNexis, Experian, Equifax, Transunion, PayKidz, Civitek);
- System developers and technology integrators (e.g., Tyler Technologies, GreenCourt, VitalCheck, Amazon Web Services).

These actors coordinated through shared electronic platforms, cross-agency databases, and legal enforcement protocols. They worked jointly to collect on a void child support order, knowing it lacked lawful adjudication, jurisdiction, and due process.

23

This constitutes an "enterprise" under 18 U.S.C. § 1961(4). (See United States v. Turkette, 452 U.S. 576 (1981)).

---

# IV. PATTERN OF RACKETEERING ACTIVITY

Defendants engaged in at least two acts of racketeering activity as defined by 18 U.S.C. § 1961(1), including but not limited to:

1) Mail Fraud (18 U.S.C. § 1341): Sending unlawful garnishment notices, license suspension letters, and credit reports through the U.S. Postal Service;
2) Wire Fraud (18 U.S.C. § 1343): Electronic communications, wage garnishment orders, credit reporting transmissions, and passport denials based on knowingly false or void data;
3) Extortion and Coercion: Demanding money from Plaintiff through license threats, IRS refund interception, and passport blocks—without a valid judgment;
4) Data Fraud / Falsification: Maintaining and reporting child support arrears that were not lawfully adjudicated, including entries into LexisNexis, Experian, Equifax, and Transunion databases, despite Plaintiff's formal disputes.

These acts occurred continuously from 2006 through 2024 across multiple states and federal jurisdictions. The conduct was not isolated, but part of an ongoing and coordinated system of unlawful enforcement.

---

# V. INTERSTATE COMMERCE IMPACT

The enterprise's activities affected interstate commerce in multiple ways:

1. IRS intercepted federal refunds;
2. U.S. Passport Services denied international travel;
3. National credit agencies blocked financial and housing access;
4. Federal vendors operated systems and platforms that crossed state lines.

24

This satisfies the RICO requirement that the enterprise affect interstate or foreign commerce. (See United States v. Robertson, 514 U.S. 669 (1995)).

## VI. INJURY AND DAMAGES

As a direct and proximate result of Defendants' pattern of racketeering activity, Plaintiff has suffered:

1. Over $10 million in documented financial loss (lost wages, housing, credit, contracts, and refunds);
2. Severe reputational and psychological harm;
3. Denial of civil rights including due process, equal protection, ADA access, and liberty of movement;
4. Continuous constitutional injury under color of law.

## VII. RELIEF REQUESTED

Pursuant to 18 U.S.C. § 1964(c), Plaintiff respectfully demands:

- Treble damages for all financial injuries;
- Injunctive relief to halt the ongoing enterprise operations and purge false credit data;
- Declaratory relief declaring the enterprise unlawful and all acts void;
- Public retraction and correction notices from all participants, including LexisNexis, credit bureaus, and DOR;
- Punitive damages for knowing, intentional abuse of state and federal power.

## VIII. CONCLUSION

The facts alleged in this Verified Complaint demonstrate a clear violation of RICO law by a coordinated network of state and private actors operating under color of law. Plaintiff respectfully submits that Defendants have acted as a fraudulent enterprise for over 18 years and must now face full legal accountability under federal RICO statutes

# RICO ENTERPRISE STRUCTURE & COORDINATION CHART

Plaintiff: DeCarlo Kerry Donaldson

Title: RICO Enterprise – Public-Private Coordination Scheme (2006–2024)

This chart visually and structurally depicts the coordination between state agencies, federal departments, and private contractors that together form the unlawful RICO enterprise alleged in Count IV of this complaint.

---

## Central Coordinating Entity (Hub)

1) Florida Department of Revenue (DOR)

   Acts as the central coordinator of the enforcement scheme. Originates the void child support order and distributes it across a statewide and nationwide network of enforcement actors.

---

## Government Agency Nodes (State + Federal Enforcement Arms)

Florida DOR directs and coordinates with the following government entities:

- Florida Department of Highway Safety and Motor Vehicles (FLHSMV)

  – Suspends driver's license based on DOR data.

- Internal Revenue Service (IRS)

  – Intercepts tax refunds under the Treasury Offset Program based on DOR-reported arrears.

- U.S. Department of State – Passport Services

  – Denies passports under 42 U.S.C. § 652(k) based on DOR submissions.

26

- Social Security Administration (SSA)

  – Ignores or fails to act on ADA-recognized disability claims submitted by Plaintiff.

- Miami-Dade Clerk of Courts – Title IV-D Division

  – Receives and enforces DOR orders without judicial review.

- Miami-Dade State Attorney's Office – Child Support Enforcement Bureau

  – Participates in prosecution and further enforcement of the void order.

---

**Private Contractors & Data Vendors (Outer Ring)**

These vendors act as data handlers, garnishment processors, and reporting agents, transmitting and automating the enforcement of unlawful judgments:

o   Maximus, Inc. – Enforcement and collections processing

- Conduent, Inc. – Child support system integration
- Support Kids, Inc. – Payment enforcement vendor
- Systems & Methods, Inc. (SMI) – Data distribution infrastructure
- LexisNexis Risk Solutions – Public records and credit data aggregator
- Experian Information Solutions – Credit reporting
- Equifax Information Services – Credit reporting
- Transunion LLC – Credit reporting
- Tyler Technologies, Civitek, VitalChek, PayKidz – Software systems used to transmit DOR enforcement data
- GreenCourt Innovation, Amazon Web Services, Courtland Consulting – Backend support and hosting platforms

---

**Coordination & Flow of Racketeering Activity**

- DOR issues a void administrative order.
- That order is transmitted to:

  o   FLHSMV (license suspension)

27

- o   IRS/Treasury (tax intercept)
- o   U.S. Dept. of State (passport denial)
- o   Credit Bureaus & LexisNexis (negative reporting)

- Plaintiff submits legal disputes and ADA filings — all ignored.
- Vendors and agencies continue to circulate and enforce the void data.
- Payments are demanded under threat, without hearing, violating due process and triggering multiple predicate acts (mail fraud, wire fraud, coercion, ADA denial).

---

This chart and structure prove that Defendants operated as an association-in-fact enterprise under 18 U.S.C. § 1961(4), with ongoing coordination, shared data systems, and unified enforcement of a fraudulent administrative order — meeting every element of a civil RICO violation under § 1962(c).

## COUNT V – DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201–220

(Against All Defendants)

- Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
- Pursuant to 28 U.S.C. § 2201, this Court may declare the legal rights and obligations of the parties in a case of actual controversy.
- An actual and justiciable controversy exists between Plaintiff and the named Defendants concerning the validity, enforcement, and legal effect of an administrative child support order issued without due process, and used as the basis for ongoing punitive action against Plaintiff by federal, state, and private actors.
- Plaintiff seeks a judicial declaration that the July 1, 2006 Administrative Support Order issued by the Florida Department of Revenue – Child Support Program is void ab initio, having been issued without notice, hearing, lawful service, or jurisdiction.
- Plaintiff also seeks a declaration that the use of this void order to garnish wages, suspends licenses, intercept federal benefits, deny passports, and report derogatory credit constitutes a continuing violation of constitutional and statutory rights.
- Declaratory relief is necessary to clarify the legal status of the order, Plaintiff's obligations, and the limits of Defendants' enforcement authority moving forward.

## COUNT VI – RULE 60(b)(4) MOTION TO VACATE VOID JUDGMENT

(Against DOR and State Defendants – Federal Ancillary Jurisdiction)

Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
Rule 60(b)(4) of the Federal Rules of Civil Procedure permits a court to relieve a party from a judgment or order that is void.

The July 2006 "Final Administrative Order of Support" was issued by the Florida Department of Revenue (DOR) under circumstances that violated due process, including:

- Absence of legal service
- Lack of a hearing or adjudication
- Entry before the child's birth
- No waiver of rights or stipulation

1. As a result, the order is void as a matter of law and has no legal effect, regardless of its registration or enforcement history.
2. The DOR and enforcement partners have continuously used this void order to justify damaging actions including:

- State and federal wage garnishment
- Suspension of commercial licenses
- Passport denial
- Credit damage
- Tax refund interception

3. Plaintiff requests that this Court, exercising its ancillary jurisdiction under 28 U.S.C. § 1367 and the All Writs Act, formally vacate and nullify the 2006 administrative order and any related actions arising from it.
4. Plaintiff also requests an order compelling Defendants to update all public and private records to reflect the legal invalidity of said order and reverse all related enforcement flags.

## DEMAND FOR SPEEDY TRIAL

DEMAND FOR FAST AND SPEEDY TRIAL

Pursuant to the Sixth Amendment of the United States Constitution, 28 U.S.C. § 1657, and the Federal Rules of Civil Procedure, Plaintiff DeCarlo Kerry Donaldson hereby formally demands a fast and speedy trial on all claims raised in this Verified Complaint.

Given the nature of the irreparable and ongoing constitutional violations alleged—spanning over 18 years—including unlawful enforcement, credit damage, loss of mobility, denial of access to courts, and continued deprivation of liberty and property, Plaintiff asserts that expedited adjudication is essential to prevent further harm.

Plaintiff respectfully requests the Court prioritize this case under expedited civil docketing guidelines, and schedule immediate hearings as needed, including any emergency or preliminary injunctions already filed.

## V. PRAYER FOR RELIEF

29

WHEREFORE, Plaintiff DECARLO KERRY DONALDSON respectfully prays that this Court enter judgment in his favor and against all Defendants, jointly and severally, and requests the following relief:

1. A Declaratory Judgment under 28 U.S.C. § 2201 stating that the July 2006 Administrative Child Support Order issued by the Florida Department of Revenue is void ab initio, legally unenforceable, and unconstitutional;
2. An order pursuant to Fed. R. Civ. P. 60(b)(4) vacating said order and all associated enforcement actions including garnishments, suspensions, and collections across all systems;
3. A permanent injunction restraining Defendants from transmitting, reporting, executing, or enforcing any legal or financial action related to the void order, including denial of licenses, passports, or public records;
4. Compensatory damages in the following itemized amounts:
   - $1,200,000.00 – Lost commercial and private income from employment loss due to repeated driver's license suspensions;
   - $2,100,000.00 – Ongoing credit damage across three bureaus affecting homeownership, business investment, and borrowing;
   - $450,000.00 – Denied housing opportunities, including two foregone leases and mortgage rejections;
   - $600,000.00 – Denied business contracts and loans due to negative financial profile;
   - $750,000.00 – Physical and emotional distress directly resulting from misidentification, passport denial, credit blocks, ADA violations, and bureaucratic retaliation;
   - $400,000.00 – Garnished wages and tax refunds under IRS offset (2008–2023);
   - $500,000.00 – Transportation and vehicle access loss due to
   - CDL Missed;
   - $2,000,000.00 – Long-term reputational harm from criminal implication and automated reporting;
   - $1,000,000.00 – Denial of equal protection and intentional infliction of constitutional injury;
   - $500,000.00 – Legal retaliation, obstruction, and noncompliance by named agency officials;
   - $500,000.00 – Costs to repair credit, recover data, and initiate legal action;
   Total Actual Damages: $10,000,000.00
0. Statutory and punitive damages under the Americans with Disabilities Act, Fair Credit Reporting Act, Civil Rights Act, and RICO totaling no less than $2,000,000.00;
0. Treble damages under RICO (18 U.S.C. § 1964(c)) for knowingly engaging in fraudulent enterprise activity across multiple jurisdictions;
0. Attorneys' fees and costs, if Plaintiff becomes represented, pursuant to 42 U.S.C. §§ 1988, 12133, and 15 U.S.C. § 1681n;

0. An order compelling public correction and retraction notices to be issued by LexisNexis, Experian, Equifax, Transunion, and all involved governmental databases to restore Plaintiff's standing;

0. Such other and further relief as this Court deems just, equitable, and necessary in the interests of due process and constitutional justice.

**Defendants imposed a child support obligation retroactive to a date prior to the child's birth, specifically July 1, 2004, while the child was born on July 9, 2004. This act constituted a void exercise of authority, enforced without lawful jurisdiction or legal basis, and thus deprived Plaintiff of property under color of law without due process.**

**Plaintiff respectfully requests judgment against all Defendants, jointly and severally, in the amount of Eighteen Million, Two Hundred Fifty Thousand Dollars ($18,250,000.00), plus any applicable treble damages under 18 U.S.C. § 1964, attorneys fees under 42 U.S.C. § 1988, and any further relief this Court deems just and proper.**

**VI. JURY DEMAND** Plaintiff hereby demands a trial by jury on all claims tribal by law.

**VERIFICATION** I, DeCarlo Kerry Donaldson, being duly sworn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in this action, that I have read the foregoing Verified Complaint, and that the facts stated herein are true and correct to the best of my knowledge and belief.

Executed on this ___ day of _____, 2025
Respectfully submitted,
/s/ _____
DeCarlo Kerry Donaldson
2474 NW 64th Street
Miami, Florida 33147
Email: Iamdecarlo1@gmail.com
Pro Se Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

--------------------------------------------------------------

31

- RON DESANTIS, in his official capacity as Governor of the State of Florida;
- ASHLEY MOODY, in her official capacity as Attorney General of the State of Florida;
- MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, in its official capacity;
- JUAN FERNANDEZ-BARQUIN, in his individual and official capacity as Miami-Dade
- Clerk of Courts;
- MIAMI-DADE STATE ATTORNEY'S OFFICE – CHILD SUPPORT ENFORCEMENT
- BUREAU, in its official capacity;
- KATHERINE FERNANDEZ RUNDLE, in her individual and official capacity as Miami-
- Dade State Attorney;
- UNITED STATES DEPARTMENT OF STATE – PASSPORT SERVICES, in its official
- Capacity;
- ANTONY J. BLINKEN, in his individual and official capacity as United States Secretary
- of State;
- UNITED STATES DEPARTMENT OF THE TREASURY – INTERNAL REVENUE
- SERVICE, in its official capacity;
- CHARLES P. RETTIG, in his individual and official capacity as former IRS
- Commissioner;
- JANET YELLEN, in her official capacity as United States Secretary of the Treasury;
- BUREAU OF FISCAL SERVICE, United States Department of the Treasury, in its official
- Capacity;
- UNITED STATES SOCIAL SECURITY ADMINISTRATION, in its official capacity;
- MARTIN O'MALLEY, in his official capacity as Commissioner of the Social Security
- Administration;
- UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES – OFFICE OF

86

- CHILD SUPPORT ENFORCEMENT, in its official capacity;
- XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services;
- SUPPORTKIDS, INC.;
- ROBERT S. FEITO, in his individual and corporate capacity as CEO of Support Kids,
- Inc.;
- MAXIMUS, INC.;
- BRUCE CASWELL, in his individual and corporate capacity as CEO of Maximus, Inc.;
- CONDUENT, INC.;
- CLIFF SKELTON, in his individual and corporate capacity as CEO of Conduent, Inc.;
- SYSTEMS &amp; METHODS, INC. (SMI);
- LEXISNEXIS RISK SOLUTIONS, INC.;
- MIKE WALSH, in his individual and corporate capacity as CEO of LexisNexis Risk
- Solutions, Inc.;
- EXPERIAN INFORMATION SOLUTIONS, INC.;
- BRIAN CASSIN, in his individual and corporate capacity as CEO of Experian;
- EQUIFAX INFORMATION SERVICES, LLC;
- MARK BEGOR, in his individual and corporate capacity as CEO of Equifax;
- TRANSUNION LLC;
- CHRIS CARTWRIGHT, in his individual and corporate capacity as CEO of Transunion;
- CIVITEK SOLUTIONS, INC.;
- TYLER TECHNOLOGIES, INC.;
- VITALCHEK NETWORK, INC.;
- PAYKIDZ;
- POLICY STUDIES INC. (PSI);
- YOUNGWILLIAMS, P.C.;
- CGI GROUP, INC.;
- DELOITTE CONSULTING LLP;
- FAST ENTERPRISES, LLC;
- STELLARWARE, INC.;
- AMAZON WEB SERVICES, INC.;
- COURTLAND CONSULTING, INC.;

87

- KPMG LLP;
- GREENCOURT INNOVATION, INC.;
- CSG GOVERNMENT SOLUTIONS;
- MIGUEL CARDONA, in his official capacity as United States Secretary of Education;
- DIRECTOR OF PASSPORT SERVICES, U.S. Department of State, in his or her official
- Capacity;
- IRS WAGE GARNISHMENT DIVISION MANAGER, in his or her official capacity;
- EMPLOYER XYZ, INC., in its capacity as a garnishment agent;
- DARIA G. WALLACE, in her individual and official capacity as General Magistrate,
- Miami-Dade Title IV-D Division;
- Broward Title IV-D Division
- Etc. (All)

Respectfully submitted,
/s/
C/o 2474 NW 64th Street
Miami, Florida 33147
Phone: (305) 632-2374
Email: Iamdecarlo1@gmail.com
Pro Se Plaintiff


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

-----------------------------------------------------------

DECARLO KERRY DONALDSON,
Plaintiff,

              v.                       Civil Action No. _____

FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, in its official Capacity;
ANN COFFIN, in her individual and official capacity as Director of the Florida Department of Revenue – Child Support Program;
JIM ZINGALE, in his individual and official capacity as former Executive Director of the Florida Department of Revenue;
ERIK FRESEN, in his individual and official capacity as former Secretary of the Florida Department of Revenue;
PAMELA L. REILLY, in her individual and official capacity as Revenue Program Administrator, Child Support Program;

88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

-------------------------------------------------------------

DECARLO KERRY DONALDSON,
Plaintiff,

     v.         Civil Action No. _____

FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, in its official
Capacity;
ANN COFFIN, in her individual and official capacity as Director of the Florida
Department of Revenue – Child Support Program;
JIM ZINGALE, in his individual and official capacity as former Executive Director of the
Florida Department of Revenue;
ERIK FRESEN, in his individual and official capacity as former Secretary of the Florida
Department of Revenue;
PAMELA L. REILLY, in her individual and official capacity as Revenue Program
Administrator, Child Support Program;
NANDEE SEUNARINE, in her individual and official capacity as Deputy Agency Clerk;
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, in its
Official capacity;
TERRANCE G. RHODES, in his individual and official capacity as Executive Director of
FLHSMV;
RON DESANTIS, in his official capacity as Governor of the State of Florida;
ASHLEY MOODY, in her official capacity as Attorney General of the State of Florida;
MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, in its official capacity;
JUAN FERNANDEZ-BARQUIN, in his individual and official capacity as Miami-Dade
Clerk of Courts;
MIAMI-DADE STATE ATTORNEY'S OFFICE – CHILD SUPPORT ENFORCEMENT
BUREAU, in its official capacity;
KATHERINE FERNANDEZ RUNDLE, in her individual and official capacity as Miami-
Dade State Attorney; Etc. (all)

 Defendants.

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I served a true and correct copy of the
following documents:

- Verified Civil Rights Complaint
- Sworn Verification of Complaint (28 U.S.C. § 1746)
- Emergency Motion for Temporary Restraining Order (TRO)
- [Proposed] Order to Show Cause – TRO
- Motion for Preliminary Injunction
- [Proposed] Order – Preliminary Injunction
- Motion to Vacate Administrative Order (Rule 60(b)(4))
- Motion for Class Certification
- [Proposed] Order – Class Certification
- Motion to Compel Production of 2006 Enforcement Records
- Rule 26(f) Discovery Plan and Initial Disclosures

- Notice of ADA Title II Violations and Accommodation Denial
- Notice of Constitutional Question Pursuant to Rule 5.1
- Declaration of Family Hardship, Systemic Deprivation & Constitutional Harm
- Sworn Affidavit of PTSD, Mental Injury & Medical Evidence
- Public Summary / Statement of Public Interest
- Rule 408 Confidential Settlement Proposal
- Economic Damages Table
- RICO Coordination Scheme Diagram (Exhibit J)
- Timeline Diagram of Systemic Enforcement (2006–2025)
- Glossary of Legal and Administrative Terms
- Exhibit Index (Exhibits A–Z, AA, BB)
- Table of Authorities
- Certificate of Service
- Sworn Verification (28 U.S.C. § 1746)
- AO 440 Summonses for All Named Defendants

On all counsel or parties of record listed below via [specify method of service, e.g., U.S. Mail, email, personal delivery]:

Service List:

- FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, in its official
- Capacity;
- ANN COFFIN, in her individual and official capacity as Director of the Florida
- Department of Revenue – Child Support Program;
- JIM ZINGALE, in his individual and official capacity as former Executive Director of the
- Florida Department of Revenue;
- ERIK FRESEN, in his individual and official capacity as former Secretary of the Florida
- Department of Revenue;
- PAMELA L. REILLY, in her individual and official capacity as Revenue Program
- Administrator, Child Support Program;
- NANDEE SEUNARINE, in her individual and official capacity as Deputy Agency Clerk;
- FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, in its
- Official capacity;
- TERRANCE G. RHODES, in his individual and official capacity as Executive Director of
- FLHSMV;

85

NANDEE SEUNARINE, in her individual and official capacity as Deputy Agency Clerk;
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, in its
Official capacity;
TERRANCE G. RHODES, in his individual and official capacity as Executive Director of
FLHSMV;
RON DESANTIS, in his official capacity as Governor of the State of Florida;
ASHLEY MOODY, in her official capacity as Attorney General of the State of Florida;
MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, in its official capacity;
JUAN FERNANDEZ-BARQUIN, in his individual and official capacity as Miami-Dade
Clerk of Courts;
MIAMI-DADE STATE ATTORNEY'S OFFICE – CHILD SUPPORT ENFORCEMENT
BUREAU, in its official capacity;
KATHERINE FERNANDEZ RUNDLE, in her individual and official capacity as Miami-
Dade State Attorney; Etc. (all)

Defendants.
Title IV-D Division Title IV-D Division

## TABLE OF AUTHORITIES

### Statutes

- 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights
- 42 U.S.C. § 12132 – Americans with Disabilities Act (Title II)
- 42 U.S.C. § 12203 – ADA: Retaliation and Coercion
- 42 U.S.C. § 1988 – Attorney's Fees in Civil Rights Cases
- 15 U.S.C. § 1681 et seq. – Fair Credit Reporting Act
- 18 U.S.C. § 1961–1968 – Racketeer Influenced and Corrupt
  Organizations Act (RICO)
- 29 U.S.C. § 794 – Rehabilitation Act of 1973
- 5 U.S.C. § 552a – Privacy Act
- 20 U.S.C. § 1232g – Family Educational Rights and Privacy Act
  (FERPA)
- 26 U.S.C. § 6103 – IRS Confidentiality of Tax Return Information
- 28 U.S.C. § 1331 – Federal Question Jurisdiction
- 28 U.S.C. § 1343 – Civil Rights Jurisdiction
- Fed. R. Civ. P. 8 – General Rules of Pleading
- Fed. R. Civ. P. 12 – Defenses and Objections
- Fed. R. Civ. P. 26 – Discovery
- Fed. R. Civ. P. 60(b)(4) – Relief from Void Judgment
- Fed. R. Civ. P. 65 – Injunctions and Restraining Orders
- Fed. R. Evid. 408 – Settlement Offers

**Cases**

- Monell v. Department of Social Services, 436 U.S. 658 (1978)
- Zinermon v. Burch, 494 U.S. 113 (1990)
- Doe v. Borough of Barrington, 729 F. Supp. 376 (D.N.J. 1990)
- Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)
- Terry v. Ohio, 392 U.S. 1 (1968)
- Gonzaga University v. Doe, 536 U.S. 273 (2002)
- Blessing v. Freestone, 520 U.S. 329 (1997)
- Goldfarb v. Ginsburg, 517 F.2d 1335 (D.C. Cir. 1975)
- Johnson v. City of Shelby, 574 U.S. 10 (2014)
- Twombly v. Bell Atlantic Corp., 550 U.S. 544 (2007)
- Ashcroft v. Iqbal, 556 U.S. 662 (2009)
- Goldberg v. Kelly, 397 U.S. 254 (1970)
- Mathews v. Eldridge, 424 U.S. 319 (1976)
- City of Los Angeles v. Lyons, 461 U.S. 95 (1983)
- Tennessee v. Lane, 541 U.S. 509 (2004)
- Shakur v. Selsky, 391 F.3d 106 (2d Cir. 2004)
- Connick v. Myers, 461 U.S. 138 (1983)
- Ex Parte Young, 209 U.S. 123 (1908)
- Friends of the Earth v. Laidlaw, 528 U.S. 167 (2000)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

-------------------------------------------------------------

DECARLO KERRY DONALDSON,
Plaintiff,

v.                                  Civil Action No. _____

FLORIDA DEPARTMENT OF REVENUE – CHILD SUPPORT PROGRAM, in its official
Capacity;
ANN COFFIN, in her individual and official capacity as Director of the Florida
Department of Revenue – Child Support Program;
JIM ZINGALE, in his individual and official capacity as former Executive Director of the
Florida Department of Revenue;
ERIK FRESEN, in his individual and official capacity as former Secretary of the Florida
Department of Revenue;
PAMELA L. REILLY, in her individual and official capacity as Revenue Program
Administrator, Child Support Program;
NANDEE SEUNARINE, in her individual and official capacity as Deputy Agency Clerk;

90

FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, in its
Official capacity;
TERRANCE G. RHODES, in his individual and official capacity as Executive Director of
FLHSMV;
RON DESANTIS, in his official capacity as Governor of the State of Florida;
ASHLEY MOODY, in her official capacity as Attorney General of the State of Florida;
MIAMI-DADE CLERK OF COURTS – TITLE IV-D DIVISION, in its official capacity;
JUAN FERNANDEZ-BARQUIN, in his individual and official capacity as Miami-Dade
Clerk of Courts;
MIAMI-DADE STATE ATTORNEY'S OFFICE – CHILD SUPPORT ENFORCEMENT
BUREAU, in its official capacity;
KATHERINE FERNANDEZ RUNDLE, in her individual and official capacity as Miami-
Dade State Attorney; Etc. (all)

Defendants.

# EXHIBIT INDEX

Submitted in Support of Verified Complaint, Emergency TRO, Motion to Vacate, and
Class Action Certification

| Exhibit | Title / Description |
|---|---|
| Exhibit A | Certified Copy of the July 2006 Administrative Child Support Order (Issued Proof of Retroactive pay Before Child's Birth ( the original support order) |
| Exhibit B | Certified Birth Certificate of Plaintiff's Child – Date: July 9, 2006 |
| Exhibit C | Wage Garnishment Orders and Pay Stubs Reflecting Deductions by Employers |
| Exhibit D | Official DMV Records Showing License Suspensions and Reinstatements Tied to Child Support Enforcement |
| Exhibit E | Passport Denial Letter Issued by U.S. Department of State Due to Alleged Arrears |
| Exhibit F | SSA Disability Determination Letters Confirming Plaintiff's Medical Condition and Federal Benefits |
| Exhibit G | ADA Accommodation Requests Filed with DOR and Miami-Dade Clerk (Dates: 2010–2023) |
| Exhibit H | IRS Tax Refund Intercept Notices and Treasury Offset Letters (2008–2023) |

| Exhibit | Title / Description |
|---|---|
| Exhibit I | Credit Reports from Experian, Equifax, Transunion, and LexisNexis with False Arrears Reporting |
| Exhibit J | RICO Coordination Scheme – Diagram of Agency and Vendor Enforcement Enterprise |
| Exhibit K | Housing and Job Denial Letters Citing Credit and Arrears Records |
| Exhibit L | Proof of Missed International Travel (Haiti, Israel) Due to Passport Denial |
| Exhibit M | Print outs of DOR Online Portals Displaying False Balances |
| Exhibit N | Mental Health and Medical Documentation (PTSD, Anxiety, Related Impairments) |
| Exhibit O | Economic Damages Table Calculating $10 Million in Losses |
| Exhibit P | Complaint History and Agency Grievance Records Filed Between 2008–2024 |
| Exhibit Q | News Reports and Federal Audits Regarding Title IV-D Misuse and Vendor Conflicts |
| Exhibit R | Support Kids, Maximus, and Conduent Contracts – Public Records of Enforcement Roles |
| Exhibit S | Title IV-D Program Flowchart – State and Federal Incentive Structure |
| Exhibit T | Economic Damages Table Calculating $10 Million in Losses |
| Exhibit U | List of Other Affected Individuals (Redacted) – Demonstrating Numerosity for Class Certification |
| Exhibit V | Document Preservation Demand Notice to All Named Defendants |
| Exhibit W | Proof of Rejected Hearings or Denied Relief by State and Federal Agencies |
| Exhibit X | Declaration of Plaintiff – Sworn Statement of Events, Harm, and Legal Position |